AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA
vs.
PEDRO FERNANDEZ-JIMENEZ

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   3:09-cr-75-LRH(RAM)
USM NUMBER:    34166-048

Ramon Acosta
DEFENDANT'S ATTORNEY

**THE DEFENDANT:**

(✓) pled guilty to the charge contained in the Indictment
( ) pled nolo contendere to count(s) _____ which was accepted by the court.
( ) was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 8 U.S.C. 1326(a) | Unlawful Reentry by a Deported, Removed and/or Excluded Alien | August 9, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( ) The defendant has been found not guilty on count(s) _____
( ) Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JANUARY 5, 2010
Date of Imposition of Judgment

*/s/ Larry R. Hicks*
Signature of Judge

LARRY R. HICKS
U.S. DISTRICT JUDGE
Name and Title of Judge

1/8/10
Date

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

DEFENDANT:         PEDRO FERNANDEZ-JIMENEZ      Judgment - Page 2
CASE NUMBER:    3:09-cr-75-LRH(RAM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TWENTY ONE (21) MONTHS

(✓)   The court makes the following recommendations to the Bureau of Prisons:
     Incarceration FCI Sheridan.

(✓)   The defendant is remanded to the custody of the United States Marshal.

(  )   The defendant shall surrender to the United States Marshal for this district:
    (  )   at _____ a.m./p.m. on _____
    (  )   as notified by the United States Marshal.

(  )   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    (  )   before 2 p.m. on _____
    (  )   as notified by the United States Marshal.
    (  )   as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY: _____
    Deputy United States Marshal

AO 245B  (Rev 09/08) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | PEDRO FERNANDEZ-JIMENEZ | Judgment - Page 3 |
| CASE NUMBER: | 3:09-cr-75-LRH(RAM) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS</u>

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
( )   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
(✓)   The defendant shall cooperate in the collection of DNA as directed by the probation office. (Check, if applicable.)
( )   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) As directed by the probation office, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides., works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
( )   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation office;
2) the defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation office and follow the instructions of the probation office;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation office at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation office;
10) the defendant shall permit a probation office to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation office;
11) the defendant shall notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation office to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | PEDRO FERNANDEZ-JIMENEZ | Judgment - Page 4 |
| CASE NUMBER: | 3:09-cr-75-LRH(RAM) | |

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Immigration Compliance</u> - If defendant is deported, he shall not reenter the United States without legal authorization. If defendant does reenter the United States, with or without legal authorization, he shall report in person to the probation office in the district of reentry within 72 hours.

2. <u>True Name</u> - Defendant shall use his true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

AO 245B   (Rev 09/08) Judgment in a Criminal Case
    Sheet 5 - Criminal Monetary Penalties

| DEFENDANT: | PEDRO FERNANDEZ-JIMENEZ | Judgment - Page 5 |
|---|---|---|
| CASE NUMBER: | 3:09-cr-75-LRH(RAM) | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | $WAIVED | $N/A |

( )    On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )    The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Office<br>Case No.<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS  : | $_____ | $_____ | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    the interest requirement is waived for the: ( ) fine ( ) restitution.
    the interest requirement for the: ( ) fine ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.